KIRK T. KENNEDY, ESQ.
Nevada Bar No: 5032
815 S. Casino Center Blvd.
Las Vegas, NV 89101
(702) 385-5534
Attorney for Plaintiff
Admitted Pro Hac Vice

JOSHUA H. ABRAMSON, ESQ.
PORZIO, BROMBERG & NEWMAN, P.C.
156 W. 56th St.
New York, NY 10019-3800
(646) 348-6720
Local Counsel for Plaintiff

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| CANDACE SCHELBERG PEZZUTI, | ) | 2:07-cv-3602-CS-GAY |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| CHRISTOPHER J. SCHELBERG, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S MOTION TO LIFT STAY ON DISCOVERY**

COMES NOW, the Plaintiff, CANDACE SCHELBERG PEZZUTI, by and through her undersigned counsel, KIRK T. KENNEDY, ESQ., hereby files this motion for an Order to lift the pending stay on discovery and allow the case to proceed.

In support hereof, Plaintiff relies on the following points and authorities.

Dated this 25th day of August, 2008.

/s/Kirk T. Kennedy
KIRK T. KENNEDY, ESQ.
Nevada Bar No: 5032
815 S. Casino Center Blvd.
Las Vegas, NV 89101
(702) 385-5534
Attorney for Plaintiff
Admitted Pro Hac Vice

**POINTS AND AUTHORITIES**

By way of Court Order entered on July 30, 2008, this Court continued an existing stay on the commencement of discovery in this case pending the filing by the Defendant of his contemplated motion to dismiss by August 5, 2008. The Defendant has failed to file any motion to dismiss. Also, in earlier proceedings in this matter, the Defendant had requested time to file a motion to dismiss, as well as requesting two court-ordered continuances to file such a motion, however, the Defendant has failed to file the motion.

This Court has repeatedly granted the Defendant time and continuances to file a motion to dismiss under FRCP Rule 12, however, the Defendant has not filed the motion despite repeated leave of court. The Court has also maintained a continuous stay on discovery proceedings and the mandatory conference required by FRCP Rule 26(f) due to the requests of the Defendant.

Plaintiff seeks to move forward with this matter and would request the Court's

consideration to lift and remove the existing stay on discovery to allow the parties to file a proposed scheduling plan and discovery order and commence discovery proceedings in this case. Discovery needs to move forward and further delays have caused harm to the Plaintiff's case preparation and investigation.

Wherefore, Plaintiff moves the Court to grant this motion and allow discovery to commence. Additionally, Plaintiff moves the Court to order that any Rule 26(f) conference may be conducted by telephone between counsel.

Dated this 25th day of August, 2008.

>     ___/s/Kirk T. Kennedy_____
> KIRK T. KENNEDY, ESQ.
> Nevada Bar No: 5032
> 815 S. Casino Center Blvd.
> Las Vegas, NV 89101
> (702) 385-5534
> Attorney for Plaintiff
> Admitted Pro Hac Vice

## CERTIFICATE OF SERVICE

I hereby affirm that I am employed in Clark County, Nevada for the law firm of Kirk T. Kennedy, Esq. and that I am over the age of 18 years and that on the 25th day of August, 2008, I served the foregoing Motion upon the Defendant at the address below by depositing same in the U.S. Mail, postage prepared, first class delivery and by cm/ecf delivery to:

Mark J. Kurzman, Esq.
275 N. Middletown Road, 2nd Fl.
Pearl River, NY 10965-1142

>     ____/s/Melisa Roman_____
> Employee of Kirk T. Kennedy, Esq.

### DECLARATION OF PLAINTIFF CANDACE PEZZUTI

STATE OF NEVADA )
)SS:
COUNTY OF CLARK )

 Under penalties of perjury, I, Candace Pezzuti, declare and affirm as follows:

1. I one of the Plaintiffs in the above entitled action.

2. Both myself and Ronald Pezzuti have been members of the Defendant Canary Club organization for several of the last few years. We have attended various bird shows sponsored and/or participated in by the Defendant Club in 1996, 1997, 1999, 2001 and 2002. The inference by the Defendants that we were not members of the organization and/or previous members is false. Additionally, evidence to be generated in this case through discovery will prove that the subject defamatory statement in the Club newsletter which is at issue in this matter was published upon the direct orders of Defendant Stavros Booras. Based on our investigation and discussions with witnesses, Mr. Booras never obtained the approval of any board member or the collective approval of the board of the Defendant Club to publish the defamatory statement in the September, 2003 newsletter from the organization.

 According to our own investigation, the executive board never met or ruled on or voted on the issues regarding our membership in the organization in 2002 or 2003.

Defendant Booras falsely claimed that the executive board of the Club had authorized this banning of us, however, the board never took such action.

An understanding of the bird show industry is important regarding a clearer picture of why this defamatory statement caused harm to the us. The bird show community is very small in nature. In order to show specially bred birds, one must join a bird club that is either affiliated with or sponsoring the respective bird show. Reputation and standing in this small community is important. If a breeder is not allowed to join certain bird breeding organizations he cannot then show his birds or sell the birds at the shows. Much like the dog show community, a bird breeder's reputation is vital in order to compete in competitions and to also sell birds to other breeders and collectors.

In 2002, we received two national awards from the National Cage Bird Show for two different categories of canaries. Both awards were for "Best Breeder" in the respective categories. Having won this recognition as top breeders, our nationally recognized reputation as a top breeder was detrimentally harmed when the Defendant Booras published, without any authority other than his own intentional conduct, the subject statement in the Canary Club newsletter which is distributed nationally to club members and other breeders in the industry. The implication of the statement charges against the our reputation and character by expressly stating that the we were "unacceptable" as members of the Sand Diego Canary Club. This false and defamatory charge, while perhaps unimportant to someone outside the bird breeding industry and hobby, takes on much greater significance to those within this relatively small

community of breeders who show and market their birds to others similarly interested. We depend upon our name and our efforts to compete in bird shows and to market our birds to collectors, other breeders and those who generally appreciate birds as pets

After the September, 2003, newsletter came out, we received phone calls and other communications from friends and associates in the bird breeding community, both nationally and internationally, about the newsletter and its contents. What Booras and the Club did truly harmed our good names and reputation. To this day, I don't know what could have possessed Mr. Booras to do such a terrible thing.

Executed under penalties of perjury in accordance with the laws of the State of Nevada on this ___ day of January, 2004.

_____
CANDACE PEZZUTI